IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION
IN ADMIRALTY

| | |
|---|---|
| HAROLD MAZYCK,<br><br>    Plaintiff,<br><br>vs.<br><br>M/V RIO GRANDE EXPRESS, *in rem*,<br>MARINE TRANSPORT MANAGEMENT,<br>INC. HAPAG-LLOYD (AMERICA) LLC,<br>AND RIO GRANDE EXPRESS TRUST,<br>*in personam*,<br><br>    Defendants. | Civil Action No.: 2:23-cv-02314-RMG<br><br>**VERIFIED COMPLAINT** |

  **COMES NOW,** Harold Mazyck, Plaintiff in the above-captioned action, and asserts the following against Defendants:

  1. All and singular the following premises are true and constitute admiralty or maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Plaintiffs invoke the admiralty and maritime subject matter jurisdiction of this Honorable Court under 28 U.S.C. §1333 (Admiralty) and requests a bench trial.

## APPLICABLE LAW

  2. This action arises and is governed by the General Maritime Law of the United States.

## PARTIES

  3. Plaintiff is a citizen and resident of the State of South Carolina and Charleston County.

  4. On information and belief, Defendant M/V RIO GRANDE EXPRESS is an ocean going vessel of U.S. registry, is engaged in the business as a carrier of merchandise by water for hire, and should be within this District at some point during the pendency of this lawsuit.

  5. On information and belief, Defendant Marine Transport Management, Inc. ("Marine Transport Management") is a corporation or other business entity organized and

1

existing under and by virtue of the law of an unknown foreign country or another state, and at all material times was and now is engaged in business as a carrier of merchandise by water for hire and owned, managed and/or otherwise controlled the use of the M/V RIO GRANDE EXPRESS as a general vessel engaged in the carriage of merchandise by water for hire between, among others, the Port of Charleston, South Carolina and other ports located in the U.S. Despite failing to register to do business in the State of South Carolina, Marine Transport Management, at all material times, was doing business in this state.

6. On information and belief, Defendant Rio Grande Express Trust is a corporation or other business entity organized and existing under and by virtue of the law of another state or unknown foreign country, and at all material times was and now is engaged in business as a carrier of merchandise by water for hire and chartered, managed and/or otherwise controlled the use of the M/V RIO GRANDE EXPRESS as a general vessel engaged in the carriage of merchandise by water for hire between, among others, the Port of Charleston, South Carolina and other ports located in the U.S.. Despite failing to register to do business in the State of South Carolina, Rio Grande Express Trust, at all material times, was doing business in this state.

7. On information and belief, Defendant Hapag-Lloyd (America) LLC is a corporation or other business entity organized and existing under and by virtue of the law of another stat, and at all material times was and now is engaged in business as a carrier of merchandise by water for hire and chartered, managed and/or otherwise controlled the use of the M/V RIO GRANDE EXPRESS as a general vessel engaged in the carriage of merchandise by water for hire between, among others, the Port of Charleston, South Carolina and other ports located in the U.S.. At all material times, Hapag-Lloyd (America) LLC was doing business in this state.

8. At the time of the below described accident, Harold was working aboard the M/V RIO GRANDE EXPRESS as a longshoreman in the Port of Charleston, South Carolina.

9. On the night of February 6, 2021, Harold was working as a lasher above the deck of M/V RIO GRANDE EXPRESS, assisting with the removal of lashing rods to load and unload

containers from the vessel. A lashing rod is a metal rod used to hold containers to vessels and other containers during the sea voyage.

10. While Harold was working on M/V RIO GRANDE EXPRESS, it was dark and rainy with poor visibility and very little light.

11. While walking across a metal walkway referred to as a "cat walk" trying to remove a lashing rod from a container, in the hold, Harold stepped into an open, dark manhole in the cat walk.

12. Due to the latch on the manhole cover being broken, the crew of the M/V RIO GRANDE EXPRESSES had tied the manhole cover in its open position to a railing located next to the manhole.

13. The manhole cover should have been shut by said crew and not allowed to be in the open position.

14. Stepping into the open manhole cover caused most of Harold's body to fall through the open manhole cover and be seriously injured.

15. As a result of stepping into the open manhole cover, Harold had to undergo painful surgeries.

16. As a result of stepping into the open manhole cover and his resulting injuries, Harold is no longer able to work as a longshoremen.

17. The open manhole that caused Harold's injuries was within the active control of Defendants.

18. The open manhole was a hidden latent defect that was not disclosed to Harold by Defendants.

19. Harold's injuries resulting from the marine casualty were not caused or contributed to by any fault or neglect on his part, but were solely and proximately caused by the negligence of Defendants, their agents, servants or employees, acting individually or concurrently in the following respects:

    a.    failing to properly mark the open manhole;

b.  allowing the open manhole to exist;

c.  failing to warn Harold in a timely and sufficient manner of an unreasonably dangerous condition, which it knew of or should have known of;

d.  maintaining inadequate safety procedures;

e.  failing to provide a safe manner for Harold to work on the vessel;

f.  failing to repair the manhole cover;

g.  failing to intervene by not warning of the danger imposed by the ship and its gear;

h.  failing to turn over the vessel so that Harold could work on the vessel in a safe manner;

i.  failing to intervene to correct an unsafe condition on the vessel;

j.  allowing the open manhole to exist;

k.  failing to close the manhole cover;

l.  not intervening to stop Harold from walking and working on the cat walk with the open manhole; and

m.  other acts of negligence to be shown at trial.

20.  As a result of the accident and Defendants' negligence, Harold has been damaged. He has experienced and continues to experience pain, suffering, and mental anguish; has lost wages; has incurred medical expenses; and has experienced and will continue to experience a loss of enjoyment of life, all as a result of the incident.

21.  As a result of the accident and Defendants' negligence, Harold has a maritime tort lien against M/V RIO GRANDE EXPRESS.

22.  All and singular allegations of this complaint are true and correct.

**WHEREFORE**, based on the foregoing, Plaintiff prays:

1.  That Defendants be cited to appear and answer all matters aforesaid;

2.  That judgment be entered for Plaintiff and against Defendants, jointly and severally, for all general and special damages known to the law;

3.  That all expert fees be taxed as costs;

4. That Plaintiff's maritime tort lien against M/V RIO GRANDE EXPRESS be recognized by this Honorable Court, and M/V RIO GRANDE EXPRESS arrested and sold to satisfy Plaintiff's maritime tort lien;

5. That Plaintiff be awarded all costs and legal expenses;

6. That Plaintiff be awarded pre-judgment interest; and

7. That Plaintiff be awarded all other relief the Court deems fit.

Respectfully Submitted,

BLUESTEIN LAW FIRM, P.A.

By:  s/S. Scott Bluestein
S. Scott Bluestein / Federal Id No. 6891
266 W Coleman Blvd., Suite 103
Mount Pleasant, SC 29464
Post Office Box 22253
Charleston, SC 29413-2253
Telephone:  843-577-3092
Facsimile: 843-577-3093
Email: scott@boatinglaw.us

AND

Jonathan S. Altman / Federal Id No. 5796
Derfner & Altman, LLC
575 King Street, Suite B
Charleston, SC 29403
Telephone:843-723-9804
Facsimile: 843-723-7446
Email: jaltman@derfneraltman.com

ATTORNEYS FOR PLAINTIFF

Mount Pleasant, South Carolina
May 30, 2023

## Verification

**COMES NOW,** S. Scott Bluestein**,** who deposes and says as follows:

1. My name is S. Scott Bluestein, I am a Citizen of the United States, over the age of 18, and of sound mind.

2. I am counsel for the plaintiff.

3. I have read the foregoing Verified Amended Complaint and know the contents thereof and the same are true to the best of my knowledge, except as to those matters therein stated to be on information and belief, and as to those matters I believe them to be true.

4. The sources of my information and the grounds of my belief are my personal knowledge and documents in my possession.

5. To the best of my information, knowledge and belief, Rio Grande Express Trust is a foreign corporation not licensed to do business in the state of South Carolina;

6. Rio Grande Express Trust is properly indebted to Plaintiff as set forth in the Verified Complaint filed herein;

7. That M/V RIO GRANDE EXPRESS should be or will be within the Eastern District of South Carolina;

8. M/V RIO GRANDE EXPRESS is the property of Rio Grande Express Trust;

9. That Rio Grande Express Trust cannot be found within this District and does not have an agent for service of process within the jurisdiction of this Court.

**Further Affiant Sayeth Naught.**

_____
S. Scott Bluestein

SWORN TO AND SUBSCRIBED BEFORE ME
this 25th day of May, 2023.

_Shannan Goodwin_
NOTARY PUBLIC FOR SOUTH CAROLINA
My Commission Expires: 09/21/2028